■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PEREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 27, 1976, convicting him of two counts of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reducing the convictions of criminal possession of a controlled substance in the third degree to convictions of criminal possession of a controlled substance in the seventh degree, and reversing the sentences imposed thereon. As so modified, judgment affirmed and case remanded to the Criminal Term for resentencing. This case arose out of a series of transactions in which defendant arranged for the sale of certain quantities of heroin to undercover Police Officer Lopez. However, the evidence at the trial indicated that defendant did not have any heroin of his own, but was merely able to arrange for the purchase of the heroin from dealers whom he knew. At the trial, defendant raised the defense of agency; he claimed that he did not sell the heroin to Lopez, but was merely an agent for Lopez in the purchase of the narcotics. It is well settled that one who acts on behalf of a purchaser of drugs cannot be convicted of criminal sale of a controlled substance, or of criminal possession thereof with intent to sell *(People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958). The jury returned a verdict of not guilty as to the charges of criminal sale of a controlled substance in the third degree, but found defendant guilty of two counts of criminal possession of a controlled substance in the third degree (criminal possession with intent to sell) and two counts of criminal possession of a controlled substance in the seventh degree. The trial court dismissed the convictions of criminal possession of a controlled substance in the seventh degree on the ground that they were lesser included offenses of the crimes of criminal possession of a controlled substance in the third degree. Defendant now appeals; he argues that a verdict of guilty as to possession in the third degree is inconsistent with his acquittal of the counts charging criminal sale. Defendant is entitled to a reversal of his convictions of criminal possession in the third degree. Defendant's involvement in the transactions was so clearly established and so well documented that the only way in

which he could have been acquitted of criminal sale of heroin was for the jury to find that he was an agent of the police officer who purchased the heroin. Having accepted the defense of agency, the jury could not properly have found defendant guilty of criminal possession of a controlled substance with intent to sell (see *People v Lindsey, supra; People v Johnston,* 47 AD2d 897). Accordingly, the convictions of criminal possession in the third degree must be reduced to convictions of criminal possession of a controlled substance in the seventh degree (see *People v Carr,* 41 NY2d 847). Titone, J. P., Hawkins, Suozzi and Mollen, JJ., concur.