THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN HARLOW, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Kings County, rendered November 4, 1976, which, after a hearing, (1) revoked the sentence of probation previously imposed upon her conviction of attempted criminal possession of a dangerous drug in the fourth degree and (2) resentenced her to an indeterminate term of imprisonment with a maximum of three years. Amended judgment modified, as a matter of discretion in the interest of justice, by reducing the period of incarceration to the time already served. As so modified, amended judgment affirmed. The sentence imposed was excessive to the extent indicated herein. Latham, J. P., Cohalan, Margett and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUNTER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 4, 1976, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered as to the charge of criminal possession of a weapon in the fourth degree. The facts have been considered and are determined to have been established. The appellant became embroiled in an altercation with cab driver Joseph Sebastiano which resulted in his arrest and indictment for various crimes, including criminal possession of a weapon (dangerous knife) in the fourth degree. At the trial, the appellant, admitting to the possession of the knife, testified that he drew that instrument in self-defense, upon viewing Sebastiano's return from an office with a baseball bat in his possession. The trial court refused the request of appellant's counsel to instruct the jury as to the defense of justification. The jury returned a verdict convicting the appellant of criminal possession of a weapon in the fourth degree. Upon this appeal the appellant contends, and the People concede, that the trial court's refusal to instruct the jury on the defense of justification constituted reversible error. We agree and have ordered a new trial on that count of the indictment. The most favorable view of the evidence as contained in the record indicates that the issue of justification was raised at the trial (see *People v Steele,* 26 NY2d 526, 528–529). A conviction under subdivision (2) of section 265.01 of the Penal Law requires that the People establish that the appellant possessed a *dangerous knife with the intent to use it unlawfully against another.* The appellant admits to possession of a knife and does not challenge its characterization as a "dangerous" knife. Although possession of a dangerous knife is *presumptive evidence* of intent to use the instrument unlawfully (see Penal Law, § 265.15, subd 4), here such presumption was insufficient to maintain a conviction since the jury could have found that appellant used the instrument in self-defense against Sebastiano, who was in possession of a baseball bat, thus negating the requisite intent. We have reviewed the appellant's remaining arguments and have found them to be without merit. Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.