OPINION OF THE COURT
Milton L. Williams, J.
Defendant Olga Colon was charged with assault in the third degree and criminal possession of a weapon in the fourth degree (Penal Law, § 120.00, subd 1; § 265.01, subd [2]) respectively. On April 4, 1979, defendant, after a jury trial, was acquitted of the assault charge and found guilty of the weapon charge. She has moved to set aside this verdict pursuant to CPL 330.30 (subd 1) on the ground that it is fatally inconsistent or repugnant and would require reversal as a matter of law upon appeal.
*849 The incident at issue occurred on the afternoon of June 30, 1977 at approximately 4:00 p.m. Complainant Gonzalez emerged from a pharmacy at 7th Street and Avenue D and set out to cross the street. As he was crossing, a warning was shouted and he jumped back quickly to avoid being hit by a car. The car went up to the corner of 7th and D, turned and parked. The car was driven by defendant Colon. Gonzalez approached the car and informed Colon that he did not want any trouble with her. Apparently there was some prior controversy brewing between them. Gonzalez testified that as he talked to Colon she produced a knife. He concluded the conversation and walked away across the street. Colon got out of the car; Gonzalez looked back and saw her standing next to it. He turned and kept walking away. Someone yelled a warning to Gonzalez. He turned to see Colon approaching him with the knife in her clenched fist and raised to strike. Gonzalez testified that he picked up a stick lying nearby to defend himself and when he did this someone grabbed him from behind. Colon then stabbed him in the left lower abdomen. Gonzalez subsequently broke free and possibly hit Colon with the stick, although he did not recall this certainly.
At the trial on these charges of assault in the third degree and criminal possession of a weapon in the fourth degree, Gonzalez was the sole witness; Colon did not take the stand. At the closing of the evidence, defendant Colon’s counsel requested that a justification charge be included in the jury instruction as the evidence presented seemed to raise this defense. The request was granted in accord with the rule in People v Steele (26 NY2d 526).
The jury subsequently returned a verdict of not guilty of the assault count by reason of their finding that justification did exist. Colon was convicted, however, of the weapon possession charge. Her counsel immediately moved to have the verdict overturned as being fatally inconsistent or repugnant pursuant to CPL 330.30 (subd 1).
The terms "inconsistent” and "repugnant” relative to verdicts are related in that repugnancy is considered to be an extreme and fatally defective degree of inconsistency. Inconsistency per se is not a fatal defect.
Obviously the issue of inconsistency or repugnancy of a verdict can only arise where the indictment contains multiple counts. A basic proposition of law relative to multiple-count indictments is that each count is to be treated as if it were a *850 separate indictment (Dunn v United States, 284 US 390). It follows, therefore, that verdicts can be inconsistent, that is, there can be some logical improbability implicit in the jury’s findings as to the various counts of the indictment. However, another equally fundamental principle of law in this area is that consistency of verdicts is not necessary (Dunn v United States, supra; People v Hollenbeck, 9 AD2d 983; People v Luongo, 86 Misc 2d 120). In fact juries have traditionally had the right to reach inconsistent verdicts (People v Lay, 39 AD2d 904). It is recognized that juries at times convict on some counts but acquit on others, not because they are unconvinced of guilt, but because of compassion or compromise (Dunn v United States, supra). The test for determining what a permissible degree of inconsistency is in a given case is whether there is any rational theory to support the difference in the verdicts (for each count); if so, the verdicts although seemingly inconsistent on the surface will be upheld (People v Pugh, 36 AD2d 845, affd 29 NY2d 909, cert den 406 US 921). Repugnancy exists only where an indictment charges more than one crime, each of which has identical elements, and a finding of guilt is made on one and not the other (People v Bullis, 30 AD2d 470, 472).
When the above-stated rules of law are applied to the facts at bar, it becomes apparent that the defense motion must be denied, since the verdict can quite easily be rationally reconciled, if reconcilation is necessary at all. The uncontroverted testimony of the sole witness stated that defendant Colon first attempted to seriously injure complainant with her car and failing that, immediately pursued him on foot, knife clenched in upraised fist, until she overtook and stabbed him. The attempt to run Gonzalez down and the subsequent pursuit on foot clearly showed the unlawful nature of her intent prior to the stabbing. The issue of justification, on these facts, does not even arise until he picks up a stick immediately before she overtook and stabbed him.
Defense, however, seeks to attack the verdict by denying its rationality, since obviously the two counts do not contain identical elements. Their theory is that because the justification defense was established, it negated not only the assault charge but the weapon count also, reasoning that the use of the weapon in self-defense rendered the intent to use it and thereby its possession lawful. Under other circumstances this might indeed be the case, but on the instant facts it is *851 erroneous. Defense’s arguments ignore entirely the critical temporal aspect of this case.
Defendant relies heavily on People v Perez (60 AD2d 656), People v Hunter (61 AD2d 990), and People v Pendergraft (50 AD2d 531). Each of these cases can be distinguished from defendant’s case.
Defendant cites Perez (supra) to support the proposition that where the only issue in a case involving two charges is a defense which would secure acquittal on both, inconsistent verdicts on the counts are repugnant. In Perez the jury found defendant not guilty of criminal sale of controlled substances but guilty of criminal possession of a controlled substance (includes intent to sell) where the defense of agency had been found to be established. The court found this verdict repugnant because the presence of the agency defense meant that he was acting for a buyer and therefore could not have the intent to sell nor to possess with intent to sell.
Defendant’s case differs from Perez. In Perez, the agency is established as being defendant’s sole motive for acting throughout the course of the alleged conduct: never is he shown to be acting in his own interests and therefore manifesting the intent necessary for the crimes of which he is accused. Defendant Colon’s justification defense, on the other hand, does not offer her the same complete umbrella of protection; since, logically, the only point at which her conduct could be justified was at the point when she overtook complainant; she has no defense for her possession of the weapon prior to that when the combination of the statutory inference as to the intent at subdivision 4 of section 265.15 of the Penal Law as well as the inference the jury evidently drew from her conduct argue strongly that her intent at least at the beginning of the encounter was to unlawfully injure complainant.
Basically, Hunter (supra) and Pendergraft (supra) can be distinguished on the same basis. In neither case was any unlawful intent manifested by the defendant outside of the point in time when the exculpatory defense was or would have been applicable. The prosecution in Hunter had to rely solely upon the presumption established in subdivision 4 of section 265.15 of the Penal Law to show intent to possess because there was no other evidence of a demonstrated, prior unlawful intent relative to the weapon possession charge as there is in the present case. Hence the court in Hunter held that the *852 available evidence of intent was insufficient to prove possession where the justification defense had been established. Similarly in Pendergraft, the gun possession issue arose in the context of a struggle for control of the weapon during a fight. No evidence was produced as to possession and intent prior to that point in time. In Pendergraft, the court reversed the weapon possession conviction because the jury was not instructed as to the available defenses of justification and innocent and temporary possession.
The circumstances in People v Cintron (67 AD2d 1007) are in fact on point with the instant case, as defense urges, however there is one key distinction that argues against the use to which defense would put Cintron. In Cintron (supra, p 1008) the judgment was reversed because "prosecution evidently failed to prove any unlawful intent to injure complainant and no other evidence of unlawful intent was present in the case” (italics added). This is exactly the opposite of the situation in the present case where evidence of such intent is manifestly present in the case.
To summarize: the justification defense goes to the actual stabbing itself and does not "relate back” in time to Colon’s pursuit of Gonzalez; therefore the weapon possession was not incidental to a lawful act at that point in time.
This is clearly a rational explanation of the verdict rendered by the jury, and quite likely the view that they took themselves if the verdict is any indication. As stated above, verdicts need not be consistent. Apparently a compromise was necessary to obtain a verdict, which is understandable considering how unclear and lacking in credibility complainant’s testimony was as to the sequence of events relative to his use of the stick. The jury, in fact, requested that the testimony be read back to them on this matter during their deliberations. The result reached would satisfy the jurors who distrusted Gonzalez’ account of the actual donnybrook as well as those who were reviled by Colon’s conduct throughout the incident. While the acquittal on the assault count may necessarily have to be construed as a lawful use of the weapon in the instance of the actual assault, there is no sound, logical reason, on these facts, why it should be construed as exculpatory as to the weapons charge.
Defendant’s motion is hereby denied.