■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND LUCAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 29, 1978, convicting him of criminal possession of a controlled substance in the first and third degrees, upon a jury verdict, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of a controlled substance in the third degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Defendant was indicted and tried for criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees. The jury returned a verdict of guilty as to criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, but found defendant not guilty of criminal sale of a controlled substance in the first degree. On this appeal, defendant contends, *inter alia,* that the verdict of guilty as to criminal possession of a controlled substance in the third degree is inconsistent with his acquittal of criminal sale of a controlled substance in the first degree. At trial defendant interposed the defense of agency. He claimed that he merely procured a supplier of cocaine at the request of a confidential informant who had been working with the police. Though the evidence adduced at trial was conflicting, it was indisputably established that a sale of cocaine had occurred. Given defendant's involvement in the sale, he could only have been acquitted of the criminal sale charge if he was found to be the agent of the buyer. Under such circumstances, the jury could not properly have found defendant guilty of criminal possession of a controlled substance in the third degree, i.e., possession with intent to sell (see *People v Rodriquez,* 74 AD2d 858; *People v Perez,* 60 AD2d 656). As a consequence, defendant's conviction for criminal possession of a controlled

substance in the third degree must be reversed. Upon examination of defendant's remaining contentions, we find them to be without merit. Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.