■ The People of the State of New York, Respondent, v Mack Dixon, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Kings County (Booth, J.), rendered January 9, 1978, convicting him of criminal possession of a controlled substance in the first degree (class A-1 felony), two counts of criminal possession of a controlled substance in the second degree (class A-2 felony), and three counts of criminal possession of a controlled substance in the third degree (class A-3 felony), after a nonjury trial, and imposing sentence, and (2) from so much of an order of the same court, dated March 7, 1980, as denied his motion pursuant to section 60.09 of the Penal Law for resentence on his A-1 felony conviction. Judgment modified, as matter of discretion in the interest of justice, by reversing the convictions of criminal possession of a controlled substance in the third degree (three counts), and vacating the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Appeal from the order dismissed (see *People v De Jesus,* 54 NY2d 447). Defendant was charged with and tried for three counts of criminal sale of a controlled substance in the first degree, three counts of criminal possession of a controlled substance in the third degree (possession with intent to sell), two counts of criminal possession of a controlled substance in the second degree and one count of criminal possession of a controlled substance in the first degree. Following his trial, defendant was acquitted of criminal sale of a controlled substance in the first degree (three counts) but convicted of the other counts of his indictment. On this appeal, defendant contends, *inter alia,* that the convictions as to criminal possession of a controlled substance in the third degree are repugnant to his acquittals of criminal sale of a controlled substance in the first degree. At the trial, defendant raised the defense of agency; he claimed that he obtained the cocaine as a favor to a friend, Frank Perkins (the confidential informant), and was not doing the transaction for a profit. The record indisputably reveals that sales of cocaine had occurred whereby defendant received money from an undercover police officer and thereafter delivered drugs to him. As such, defendant could only have been acquitted of the criminal sale of cocaine if it was concluded that he was an agent of the undercover police officer who purchased the narcotics. Under such circumstances, the trial court could not have correctly found defendant guilty of criminal possession of a controlled substance in the third degree with intent to sell (see *People v Rodriguez,* 74 AD2d 858, affd 53 NY2d 991; *People v Perez,* 60 AD2d 656; *People v Lucas,* 80 AD2d 836; see, also, *People v Tucker,* 55 NY2d 1). Accordingly, the convictions of criminal possession of a controlled substance in the third degree should be reversed. We have examined defendant's remaining contentions and find them to be without merit. Mollen P. J., Weinstein, Gulotta and Thompson, JJ., concur.