THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY LEWIS, Appellant.

First Department, March 11, 1986

## APPEARANCES OF COUNSEL

*Calvin C. Saunders* of counsel *(Hesper A. Jackson, Jr.,* attorney), for appellant.

*David Haxton* of counsel *(Norman Barclay* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

## OPINION OF THE COURT

ROSENBERGER, J.

The defendant, Johnny Lewis, was convicted of one count of criminal possession of a weapon in the second degree. This charge, as well as a charge of criminal possession of a weapon in the third degree also contained in the indictment, arose out of an incident which occurred on the afternoon of September 27, 1981. While pushing an invalid neighbor in a wheelchair, the defendant approached the door of the apartment building where he lived. The defendant motioned to Hector Paquero, the security guard on duty in the lobby, to open the door. Paquero refused, and, after defendant opened the door using his key, he and Paquero exchanged heated words. What happened next is disputed.

Paquero testified that defendant, after threatening him with a knife and observing Paquero grab his nightstick, left the lobby. A short while later, defendant returned with a loaded gun and put the gun to Paquero's temple. Another security guard corroborated Paquero's testimony as to the second confrontation.

Defendant's version of the altercation was entirely different. Admitting to the possession of the gun when he first entered

the lobby, he testified that he displayed its handle in self-defense about a minute or two after the argument began when he observed the guard advancing towards and circling him while brandishing a pipe or a stick. He indicated that he "showed the weapon so he [the security guard] wouldn't advance with the pipe if he had any common sense he wouldn't strike me with a pipe knowing I had something to protect myself".

The defendant did not initially request the court to instruct the jury on the defense of justification. Nor did he object to the charge given, which lacked such an instruction. The jury retired to deliberate. During its deliberations, the jury requested instruction on the issue of justification. The following transpired:

"THE COURT: I have a note * * * as follows: 'We the jury request or requested that you clarify unlawful intent under the first count of the indictment. Does it include threatening, scare, or must it include bodily harm? Please clarify what you mean by the term intent to use' * * *

"Madam Forelady, members of the jury, if you find beyond a reasonable doubt that the defendant [sic] only intention was to threaten, or scare, another person and that he did not intend to cause any bodily harm to that person, such actions would constitute an unlawful intent to use the weapon.

"Madam Forelady, has the jury's request been satisfied?

"FORELADY: Yes."

After further deliberations, the jury requested further instructions and returned to the courtroom. The trial court refused defendant's request, made after the receipt of the second note and before the jury's reentry into the courtroom, to instruct the jury as to the defense of justification in response to their note requesting clarification of the element "intent to use unlawfully". The court then instructed the jury as follows:

"THE COURT: Madam Forelady, ladies and gentlemen of the jury, I have received a note from you. It's addressed to me and it reads as follows: 'We the jury request that you clarify if "Does intent to use unlawfully" include use in self-defense? Does self-defense enter into this case at all?'

"Now, ladies and gentlemen of the jury, I have charged you with respect to all of the applicable law there is to this case. There is no other law applicable to this case.

"Now, with respect to that which I have already charged you on, if you want clarification of my instructions on the law,

then send me a note and I'll give you that, but any law that I did not charge you on, is not in the case.

"Does that satisfy the request of the jury?

"(All jurors answer in the affirmative.)

"THE COURT: I didn't hear it from your forelady.

"FORELADY: Yes."

The jury thereafter returned a verdict of guilty of criminal possession of a weapon in the second degree. Sentence was imposed and stayed pending disposition of this appeal.

■ Defendant contends, and we agree, that the trial court erred in failing to give a supplemental instruction on the defense of justification, and in specifically excluding that defense in response to the jury's second question during deliberations.

It is well accepted that, in considering whether the trial court's instructions to the jury were adequate, the record must be considered in the light most favorable to the defendant. *(People v Steele,* 26 NY2d 526, 529 [1970].) If any reasonable view of the evidence supports the defense of justification, the trial court should instruct the jury as to the defense, and must do so when requested. The failure to charge justification where the jury could have found that defendant's actions were justified constitutes reversible error. *(People v Padgett,* 60 NY2d 142, 144-145 [1983]; *People v Hunter,* 61 AD2d 990 [2d Dept 1978]; *see also, People v Pendergraft,* 50 AD2d 531 [1st Dept 1975].)

■ The issue is preserved since the defendant requested such a charge in response to the jury's second note. A request to charge may properly be made after the completion of the charge to the jury. (CPL 300.10 [5].) A "protest need not be in the form of an 'exception' " and may be made "at any subsequent time when the court had an opportunity of effectively changing the same." (CPL 470.05 [2].)

■ Criminal possession of a weapon in the second degree requires the "intent to use the same unlawfully against another." (Penal Law § 265.03.) Criminal possession of a weapon in the third degree, a lesser included offense requires only the possession of the weapon, without the added element of the intended use. (Penal Law § 265.02.) Intent to use a weapon unlawfully against another is presumed from its possession. (Penal Law § 265.15 [4].) The presumption is rebuttable and the charge to the jury must so indicate. *(People v Knox,* 87 AD2d 504 [1st Dept 1982]; *see, Sandstrom v Montana,* 442 US

510.) The rebuttal of the presumption and the concomitant absence of intent to use the weapon unlawfully does not render the possession of it lawful; it merely reduces the crime from the second to the third degree.

The questions posed by the jury here revealed their doubts as to the People's case. The defendant clearly adduced sufficient evidence to raise issues of fact as to whether his possession of the gun was with intent to use it unlawfully against another; his display of its handle being justified, based upon his reasonable belief that he was in danger of imminent injury from Paquero. In our view, although possession of a weapon is presumptive evidence of intent to use it unlawfully, defendant's testimony, if believed, negated the requisite intent. (Penal Law § 265.15 [4]; *People v Hunter, supra; see also, People v Morris,* 109 AD2d 413, 417 [4th Dept 1985].) The jury here was improperly constrained to convict defendant of the greater charge, criminal possession of a weapon in the second degree, even if they believed his version of the incident.

The People's reliance upon *People v Watts* (57 NY2d 299 [1982]) as authority for the contention that the evidence here did not warrant a charge of justification is misplaced. There the testimony of the police officer, who recounted defendant's statement at the time of his arrest, was insufficient to inject the issue of justification at trial. Defendant's statement to the officer that the complainant "came after [defendant] in his room with a kitchen knife", standing alone, did not establish defendant's reasonable belief that he was in imminent danger of deadly bodily harm.

The language in *People v Almodovar* (62 NY2d 126 [1984]), also cited by the People, suggests that the defense of justification is unwarranted as a matter of law where the charged crime is possessory in nature. In our view, *Almodovar* is distinguishable since the trial court there had instructed the jury on a variation of the justification defense, temporary and lawful possession, as to the charge of criminal possession of a weapon in the second degree (Penal Law § 265.03). The defendant in that case claimed that he wrestled a gun from his attacker, and shot him four times in self-defense. The language "a person either possesses a weapon lawfully or he does not" *(People v Almodovar, supra,* at p 130) does not mandate a different result in the instant case, where conviction for the proper degree of criminal possession of a weapon turned upon whether the "intent to use" was unlawful, prior possession being admitted.

Accordingly, the judgment, Supreme Court, New York County (Becker, J.), rendered May 21, 1982, after a jury trial, which convicted defendant of criminal possession of a weapon in the second degree, and imposed sentence, should be reversed, on the law, and the matter remanded for a new trial.

SANDLER, J. P., FEIN, MILONAS and ELLERIN, JJ., concur.

Judgment, Supreme Court, New York County, rendered on May 21, 1982, unanimously reversed, on the law, and the matter remanded for a new trial.