■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO NUNEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered April 9, 1984, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion in the interest of justice, by reducing the conviction of criminal possession of a controlled substance in the third degree to a conviction of criminal possession of a controlled substance in the seventh degree, and vacating the sentence imposed. As so modified, the judgment is affirmed.

The defendant was indicted for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. At the conclusion of the trial, the jury returned a verdict of not guilty of criminal sale of a controlled substance in the third degree, but found the defendant guilty of criminal possession of a controlled substance in the third degree (possession with intent to sell), and, in accordance with the court's instructions, did not consider the charge of criminal possession of a controlled substance in the seventh degree.

On this appeal, the defendant contends, *inter alia,* that the verdict of guilty as to criminal possession of a controlled substance in the third degree is inconsistent with his acquittal of criminal sale of a controlled substance in the third degree. We agree.

At the trial, the defendant raised the defense of agency; "[i]t

is well settled that one who acts on behalf of a purchaser of drugs cannot be convicted of criminal sale of a controlled substance, or of criminal possession thereof with intent to sell" *(People v Perez,* 60 AD2d 656). The record indisputably reveals that the defendant received money from an undercover police officer and thereafter delivered the cocaine to him. While acknowledging these facts, the defendant, testifying in his own behalf, claimed he acted as an agent for the police officer. Thus, the defendant could only have been acquitted of the charge of criminal sale of cocaine if the jury concluded that he was the agent of the undercover police officer. "Having accepted the defense of agency, the jury could not properly have found defendant guilty of criminal possession of a controlled substance with intent to sell" *(People v Perez, supra,* at 657; *see, People v Dixon,* 87 AD2d 828; *People v Rodriguez,* 74 AD2d 858, *affd* 53 NY2d 991; *see also, People v Tucker,* 55 NY2d 1). Accordingly, the conviction of criminal possession of a controlled substance in the third degree should be reduced to criminal possession of a controlled substance in the seventh degree *(see,* CPL 470.15 [2] [a]; *People v Freeman,* 41 AD2d 811; *see also, People v Sierra,* 45 NY2d 56). We need not remit the matter to Criminal Term for resentencing since the defendant has already served the maximum term of imprisonment that could have been imposed upon a conviction for criminal possession of a controlled substance in the seventh degree *(see,* Penal Law § 70.15 [1]; § 220.03).

The defendant's remaining contentions are either without merit or unpreserved for our review. Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.