■ THE PEOPLE OF THE STATE NEW YORK, Respondent, v CLIFTON GREEN, Appellant. [633 NYS2d 521] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered February 23, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADENE GREEN, Appellant. [633 NYS2d 381] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered March 31, 1993, convicting her of criminal possession of a controlled substance in the third degree

and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the third degree beyond a reasonable doubt. Although the jury had acquitted the defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree in connection with an alleged previous sale of cocaine to an undercover officer, an acquittal as to the charges arising out of the earlier transaction did not necessarily negate the element of intent to sell on the charges relating to the subsequent unrelated transaction *(see, People v Cruz,* 147 AD2d 584; *cf., People v Nunez,* 127 AD2d 801; *People v Dixon,* 87 AD2d 828). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the court's charge was improper is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Wilson,* 154 AD2d 566; *People v Hammond,* 143 AD2d 1043) and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.