■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RAMOS, Appellant. [636 NYS2d 81] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered November 30, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (see, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded a member of his family from the courtroom during the testimony of an undercover police officer. We agree.

At the conclusion of a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the defendant objected to the exclusion of his sister and her boyfriend. When a defendant objects to the exclusion of a particular individual, the party seeking exclusion must prove that it is necessary to protect an overridding interest of the witness (see, *People v Gutierez,* 86 NY2d 817; *see also, People v Kin Kan,* 78 NY2d 54, 58-59; *People v Green,* 221 AD2d 363).

In the case at bar, a sufficient record was established to justify the closure of the courtroom to the general public based upon the officer's testimony that he would be returning to the area of the defendant's arrest, had received threats, and had "lost subjects" (i.e., persons from whom he had purchased drugs who had not been apprehended) (see, *People v Martinez,* 82 NY2d 436; *People v Mitchell,* 209 AD2d 444; *People v Skinner,* 204 AD2d 664). However, the People failed to establish that the defendant's sister could be a threat to the undercover officer, especially in view of the fact that the sister's residence was not near the area where the defendant was arrested (see, *Vidal v Williams,* 31 F3d 67, *cert denied* — US —, 115 S Ct 778; *cf., People v Dorcas,* 218 AD2d 813). Accordingly, the exclusion of the defendant's sister resulted in a closure which was "broader than constitutionally tolerable" *(People v Gutierez,* 86 NY2d 816, 817, *supra).* Therefore, a new trial is required. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.