■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKEL BRANN, Appellant. [736 NYS2d 107] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered March 14, 2000, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Contrary to the defendant's contention, the issue of whether the trial court erred in excluding his aunt and her two sons from the courtroom during the testimony of the undercover officer who purchased drugs from him is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245).

However, over defense counsel's objection, the trial court improperly excluded the defendant's aunt and her two sons from the courtroom during the testimony of the "ghost" undercover officer without conducting a *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911). The People failed to demonstrate that those relatives, who had no criminal history and lived outside the area where the defendant was arrested, posed a threat to the officer's safety (*see, People v Serrano,* 274 AD2d 594; *People v Vargas,* 244 AD2d 367; *People v Ramos,* 222 AD2d 708). Accordingly, their exclusion during his testimony was "broader than constitutionally tolerable" (*People v Gutierez,* 86 NY2d 817, 818). Therefore, the defendant is entitled to a new trial.

In light of our determination, the defendant's remaining contention is academic. Ritter, Acting P.J., Florio, Friedmann and Cozier, JJ., concur.