OPINION OF THE COURT
Caesar D. Cirigliano, J.
*783 This court presided over the trial of the above defendant. The defendant was indicted for two counts of attempted murder in the second degree, four counts of assault in the first degree, two counts of criminal possession of a weapon in the second degree and other related crimes in connection with the shooting of George Bennett and Leon Burton on August 30, 2001. The defense was justification and this court so charged the jury with respect to all counts. This opinion is being issued to supplement and further explain the court’s ruling in light of People v Pons (68 NY2d 264 [1986]).
The evidence at trial was that in the early morning of August 30, 2001 the defendant was eating and drinking at a restaurant with family and friends when he was contacted by his girlfriend, Kellea Walters, who informed him that George Bennett had thrown a drink in her face during an argument at a local bar. Walters told the defendant if he did not come soon, she was going to kill Bennett. The defendant instructed Walters to calm down and stay at home. The defendant then proceeded to the corner of 174th Street and Longfellow Avenue where he confronted Bennett.
As testified to by the defendant, during this confrontation, Bennett, who was known to carry a gun, continually reached into the pocket of his sweatshirt. When asked by the defendant whether he had a gun, Bennett would not give a definite answer. Shortly thereafter and contrary to defendant’s instructions, Walters arrived on the scene and began screaming and gesturing toward Bennett. Responding to this, defendant attempted to physically escort Walters away when he felt a gun tucked into the back of her pants. When Bennett again appeared to reach for a gun, the defendant pulled the gun from the back of Walters’ pants and fired. Both Bennett and Leon Burton, a bystander, were struck.
At the charging conference, the People indicated their intention to submit the attempted murder, assault in the first degree and criminal possession of a weapon counts to the jury and the defendant requested that justification be charged with respect to each. While agreeing that justification had to be charged with respect to the attempted murder and assault counts, the People objected to the charge with respect to criminal possession of a weapon in the second degree under the rule of People v Pons (68 NY2d 264 [1986]).
Prior to Pons, justification was clearly a defense to a charge of weapons possession, at least where an intent to use unlaw *784 fully was an element of the crime. (See, e.g. People v Chatman, 122 AD2d 148, 149-150 [2d Dept 1986]; People v Lewis, 116 AD2d 16, 20 [1st Dept 1986]; People v Morris, 109 AD2d 413, 417 [4th Dept 1985], appeal dismissed 68 NY2d 799 [1986]; People v Hunter, 61 AD2d 990 [2d Dept 1978].) Moreover, this was true notwithstanding that the defendant may have possessed the weapon at times other than at the moment when it was justifiably used. (See, e.g. People v Morris, 109 AD2d 413 [1985].) Pons overturned these precedents.
In Pons the defendant was tried for murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the second degree after bringing a loaded firearm to a fatal encounter. Justification was charged with respect to the murder and manslaughter counts but not as to the criminal possession of a weapon in the second degree and the defendant was acquitted of all charges except for the weapons possession count. On appeal, the defendant argued that justification negated any element of intent to use unlawfully and therefore had to be presented to the jury not only with respect to his murder and manslaughter counts, but also with respect to the criminal possession of a weapon in the second degree.
In rejecting this argument the Pons court stated:
“[I]ntent to use and use of force are not the same [so that] it does not follow that because defendant was justified in the actual shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting.” (68 NY2d at 267-268.)[1]
In other words, the Pons rule as stated above prevents a defendant who carries or otherwise possesses an illegal weapon from retroactively converting such illegal possession to a legal act merely because he uses it in a justified manner at a particular moment in the future. (Davis v Strack, 270 F3d 111, 134 [2d Cir 2001]; People v Ramos, 193 Misc 2d 564, 567 [Crim Ct, Bronx County 2002]; accord State v Harmon, 104 NJ 189, 212 n 10, 516 A2d 1047, 1059 n 10 [1986].)
Pons then concluded with the following language: “We hold, therefore, that because possession of a weapon does not involve *785 the use- of physical force . . . there are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon.” (Pons, 68 NY2d at 267.) Based thereon it would appear to have become black letter law that justification does not apply to weapons possession counts even when an intent to use unlawfully is an element of the crime. (See, e.g. People v Thomas, 232 AD2d 667 [2d Dept 1996], lv denied 89 NY2d 947 [1997]; People v Flores, 219 AD2d 40 [1st Dept 1996]; People v LoCurto, 216 AD2d 167 [1st Dept 1995], lv denied 87 NY2d 848 [1995]; People v White, 168 AD2d 962 [4th Dept 1990], lv denied 77 NY2d 978 [1991].)
What happens, however, where, as here the possession and use occur only at the same moment? When there is no “continuum” of time between the possession and the shooting? How can a justified and therefore legal act (Pons, 68 NY2d at 267) establish an illegal intent? (See State v Harmon, 104 NJ 189, 212, 516 A2d 1047, 1059 [1986].) And, therefore, would not a conviction for criminal possession of a weapon in the second degree based solely on such justified use necessarily be repugnant to an acquittal for attempted murder and assault when the same act served as the predicate for all?
This court has found but two New York decisions which have addressed this issue and with differing results. In People v Ramos (193 Misc 2d 564 [Crim Ct, Bronx County 2002]) the defendant, believing he was about to be attacked by a person armed with a screwdriver, picked up a pipe that he found lying in the street and used it to defend himself. He was charged with assault in the third degree and criminal possession of a weapon in the fourth degree under the theory of an intent to use unlawfully. Thus, as here, the defendant committed but one act so that as a matter of logic he had to be guilty of both or guilty of neither. (Id. at 569.) And yet, as here, while justification clearly applied to the assault, Pons appeared to bar it with respect to the weapons charge, inviting an apparently repugnant result. (Id.) The Ramos court resolved this dilemma by refusing to submit the weapons count to the jury pursuant to GPL 300.40.
Ramos was followed by Jackson v Edwards (296 F Supp 2d 292 [ED NY 2003]), a habeas corpus petition, where the defendant had been convicted of manslaughter in the second degree and criminal possession of a weapon in the second degree. There, the defendant was the superintendent of a building and possessed an unlicensed handgun for his protection. When a dispute occurred in one of the apartments, he used the weapon *786 in an arguably justified manner. The trial court, however, failed to charge justification as to either crime. Judge Weinstein granted the petition as to both the manslaughter and weapons possession counts. With respect to Pons, Judge Weinstein stated: “it must be clarified that its holding is that justification is not a defense to the crime of criminal possession of a weapon once all the elements [of that crime] have been established.” (Id. at 304.) Moreover, Judge Weinstein held:
“If a jury were to find that petitioner was justified in using his unlicensed weapon to thwart a burglary, then his use of the firearm at the moment of the shooting was ‘entirely lawful,’ Pons, [68 NY2d at 267], and the ‘intent’ element of second degree criminal possession of a weapon could not be established based solely upon the shooting.” (Id. [emphasis supplied].)
Thus, in Judge Weinstein’s view, while justification is not a “defense” to criminal possession of a weapon in the second degree, the People must still prove all of its elements in order to convict and may not rely on the actual use of the weapon to do so if such use has been found justified. (Id.; see also Davis v Strack, 270 F3d 111, 134 [2d Cir 2001].) As a corollary, where, as here, the only possession existed at the moment of justified use, it would appear necessarily to follow that the People could never prove the defendant’s guilt of criminal possession, second degree, whether justification technically applied as a defense or not. As a matter of at least logic, both crimes must stand or fall together. (People v Ramos, 193 Misc 2d 564, 569 [2002].) How does it profit our analysis, however, to say that while justification does not apply to a crime it nevertheless renders the People unable to prove the defendant’s guilt of it? Is that not in fact saying that justification is a defense? But then how does one explain Pons when it says that “there are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon.” (Pons, 68 NY2d at 267.)
The case of United States v Panter (688 F2d 268 [5th Cir 1982]) is instructive. In Panter, the defendant, a convicted felon, was attacked in a bar by a knife wielding assailant who stabbed him in the abdomen. As they struggled together, the defendant was able to gain possession of a handgun which he knew was kept by its owner behind the bar. The defendant then shot and killed the assailant, placed the gun on the bar and waited for the police. The grand jury refused to indict the defendant for murder and he was tried solely on the charge of possessing a *787 firearm in violation of 18 USC Appendix § 1202 (a) (1). That statute as written and interpreted prohibited a convicted felon from possessing a firearm for any length of time and for any reason. The trial court therefore rejected the defendant’s contention that the defenses of justification, necessity and temporary lawful possession applied to his momentary possession when he was attacked with deadly force.[2] The Fifth Circuit reversed. That tribunal held that all criminal statutes are enacted against the backdrop of the Anglo-Saxon common-law right of self-defense; that to criminalize defendant’s possession of the firearm under the circumstances that this defendant had found himself in would be, in the court’s words, to place the defendant between a rock (death) and a hard place (jail) in abrogation of such common-law right; and that, therefore, such an interpretation could not have been Congress’ intent when it enacted 18 USC Appendix § 1202 (a) (1). The Panter court therefore held that the defenses of justification, necessity and temporary legal possession applied under the facts of that case to defendant’s possession of a weapon in violation of 18 USC Appendix § 1202 (a) (1). (Id. at 271.)
Based thereon, this court concludes that when the Court of Appeals in Pons stated that there are no circumstances when justification can be a defense to the crime of criminal possession of a weapon, that holding must be understood as applying only to those cases such as Pons where the defendant possessed the weapon for some “continuum” of time other than when he justifiably used it. Such interpretation would limit Pons to the facts before it and would avoid anomalous, unintended and possibly unconstitutional results. Upon the foregoing, where, as here, no continuum of possession existed, this court holds that Pons is inapplicable and that justification therefore remains a defense.

. In fact, during such unjustified “continuum,” he was presumed to have possessed it with the intent to use it unlawfully. (Penal Law § 265.15.)

. Federal case law has recognized that when a defendant obtains temporary possession of a weapon in order to defend himself during a life threatening situation, the defenses of justification, necessity and temporary legal possession may well collapse into the same defense. (See, e.g. United States v Rice, 214 F3d 1295 [11th Cir 2000]; cf. People v Almodovar, 62 NY2d 126 [1984]; People v Padgett, 60 NY2d 142 [1983].)