■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX MAURAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered April 19, 1979, convicting him of criminal sale of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, and new trial ordered. ¶ No contentions are raised as to the sufficiency of the findings of fact. However, the trial court erred in charging the jury on defendant's agency defense, as follows: "Moreover, even if you find that the undercover officer requested the defendant to procure cocaine for him, you may still find that the defendant was not acting as his agent if the defendant upon his own initiative sought to take advantage of the situation and earn a profit, such a person would be a seller and not an agent". ¶ A defendant is entitled to a charge on agency if, under some reasonable view of the evidence, there is evidence that the defendant acted as the mere instrumentality of the buyer (see *People v Roche,* 45 NY2d 78, 86). In making their determination, the jury

is required to consider a number of factors, among them whether or not the defendant received a benefit, or otherwise profited from the transaction (see *People v Roche, supra; People v Lam Lek Chong,* 45 NY2d 64, 74-76). The profit factor is not conclusive, however, for the jury may properly conclude that the defendant acted solely as the agent for the buyer even though he did receive a benefit or profit (see *People v Lam Lek Chong, supra,* pp 75-76; *People v Lee,* 79 AD2d 641). The instruction quoted above has already been rejected because it improperly removes this option from the jury *(People v Brown,* 60 AD2d 917). Because of the prejudice attendant upon this error, a new trial is required. We have considered defendant's other allegation of error and have found it to be without merit. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.