■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BRELAND, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered May 21, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence of a term of imprisonment of 25 years to life.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to 20 years to life. As so modified, judgment affirmed.

Defendant voluntarily surrendered himself on November 30, 1981 for the homicide of one Michael Williams. At his trial, he testified that in the early morning of November 29, 1981, upon returning to his darkened apartment, he was trapped inside by Williams, who was burglarizing his apartment. According to defendant, he stabbed Williams during a struggle for a knife which the latter had dropped. The testimony of a forensic pathologist revealed that there were 11 separate stab or cut wounds on Williams' body, although he was unable to discern in what order they were inflicted. There was also testimony that defendant and Williams knew each other and Williams' hat and coat were found in the apartment, even though he was not wearing them when killed.

On this appeal, defendant challenges as error, *inter alia,* the court's charge to the jury that "the defendant in this case, has raised the defense, affirmative defense of justification. The defendant must establish by a preponderance of the evidence his assertion of justification". This charge was erroneous because the prosecution had the burden of disproving the defense beyond a reasonable doubt (*see, People v Steele,* 26 NY2d 526, 528; *People v Kennedy,* 85 AD2d 673). Subsequently, however, the court cured the error by telling the jury that the burden of disproving justification was on the People and that it was not an affirmative defense. Although defendant continues to complain about the original error, following the curative instruction he

made no request for further instructions or for a mistrial, and in the absence of such requests, the court "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Williams,* 46 NY2d 1070, 1071; *People v Baldo,* 107 AD2d 751). In any event, the curative instruction dispelled any prejudice the original error might have created.

We do, however, conclude that the sentence was excessive to the extent indicated. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.