■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SEATON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Harris, J.), rendered October 3, 1983, convicting him of escape in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewed in the light most favorable to the prosecution, the evidence adduced at trial, though entirely circumstantial, clearly proved the defendant's guilt beyond a reasonable doubt. The proof from which the jury inferred the fact of the defendant's escape from detention—cut jail bars, the defendant's coincident disappearance from the Suffolk County Correctional Facility, and his apprehension in a nearby town some three days later—exclude to a moral certainty every other reasonable hypothesis *(see, People v Lewis,* 64 NY2d 1111; *People v Way,* 59 NY2d 361, 365; *People v Montanez,* 41 NY2d 53, 57).

The defendant has failed to preserve for review his contention that the Trial Judge committed reversible error by unduly and excessively questioning trial witnesses. In any event, although the court may have examined the witnesses somewhat more than it should have or needed to, the limited instances of judicial intervention were not of such magnitude as to deprive the defendant of a fair trial.

Also unpreserved for review is the defendant's contention that he was prejudiced by the prosecutor's elicitation from a police witness, in violation of a stipulation waiving a *Huntley* hearing, of testimony regarding the statement made by the defendant upon giving himself up to police. This line of questioning by the prosecutor was promptly cut off by the defense counsel's objection, and shortly thereafter, at the defendant's request, a curative instruction was given to the jury. The defendant's failure either to challenge the adequacy of the instruction or to request a mistrial compels us to deem the error to have been corrected to the defendant's satisfaction *(see, People v Williams,* 46 NY2d 1070; *People v Santiago,* 52 NY2d 865; *People v Breland,* 109 AD2d 890). We would note that the claimed error, even had it been preserved, would have been rendered harmless by the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 237). Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.