■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON REID, Appellant

The defendant's conviction arises from his participation with an unidentified companion in the armed robbery of a liquor store in Queens County. It appears from the record that only the defendant's accomplice was armed during the commission of the offense. Penal Law § 160.15 (4) provides that

"[a] person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime * * *

"[d]isplays what appears to be a * * * firearm".
However, the statute further provides that "it is an affirmative defense that such * * * firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged". The defendant challenges the constitutionality of the above statute as applied to him, contending that since the gun used in the robbery was never recovered and his accomplice was never apprehended, there is no reason to assume that he had access to any information which would rebut the legal presumption that the gun was both loaded and operable. Hence, he claims that he should not be assigned the burden of rebutting this presump-

tion. We have previously upheld the constitutionality of this statute in *People v Felder* (39 AD2d 373, *affd* 32 NY2d 747, *appeal dismissed* 414 US 948, *rearg denied* 39 NY2d 743), where the same challenge was made by a defendant who actually possessed the firearm during the robbery. There we noted that "[t]he condition of the firearm is information uniquely within the knowledge of the defendant" *(People v Felder, supra,* at 376). Similarly, in *People v Bornholdt* (33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905), a defendant challenged the constitutionality of the affirmative defense applicable to felony murder based upon his claim that, as the unarmed participant in the crime, he had no way of knowing that his codefendant's gun was loaded and operable and that he therefore should not have been required to prove otherwise. The Court of Appeals rejected this contention, observing that "who better than the nonkiller defendant knows whether his confederates were armed or intended to engage in conduct dangerous to life, and can adduce evidence thereon" *(People v Bornholdt, supra,* at 85). Likewise, in the instant case, with the exception of his accomplice, the defendant was in the best position to know the condition of the gun used in the robbery. Hence, the application of the statute to him does not work a constitutionally impermissible result. Moreover, in view of the fact that neither the weapon nor the defendant's accomplice has ever been found, it would be manifestly contrary to the stated legislative intent of the statute to require the People to prove that the gun was loaded and operable *(see, People v Felder, supra,* at 376; 1969 NY Legis Ann, at 567).

Similarly unavailing is the defendant's claim that he was deprived of a fair trial by allegedly improper remarks made by the prosecutor during his opening statement and by the complainant during his redirect testimony. The defendant's objection to the comment in the opening statement was promptly sustained and an adequate and a specific curative instruction was given, thereby obviating any potential prejudice to him *(see, People v Sanders,* 108 AD2d 316, *affd* 66 NY2d 906; *see generally, People v Berg,* 59 NY2d 294; *People v Escala,* 128 AD2d 546, *lv denied* 70 NY2d 646). Hence, the defendant's request for a mistrial was properly denied. As to the challenged testimony of the complainant, the record reveals that the court immediately sustained the defense counsel's objection on the ground of hearsay, granted a motion to strike that testimony and ordered the jury to disregard the answer given by the witness. Therefore, any prejudice which

might have resulted from the statement was alleviated, and the absence of any further request for relief compels the conclusion that the alleged error was corrected to the defendant's satisfaction *(see, People v Santiago,* 52 NY2d 865; *People v Williams,* 46 NY2d 1070; *People v Seaton,* 119 AD2d 600, *lv denied* 68 NY2d 672).

The defendant's further claim of error with regard to the imposition of sentence is also unconvincing. The mere fact that he received a sentence after trial which was greater than the sentence he had been offered during pretrial plea negotiations does not automatically establish that the court improperly increased his punishment due to his assertion of his right to a trial *(see, People v Patterson,* 106 AD2d 520). Rather, the record in this case demonstrates that the court thoroughly weighed the relevant factors in determining the appropriate sentence, and the acceptable objectives of sentencing were satisfied *(see, People v Durkin,* 132 AD2d 668, *lv denied* 70 NY2d 799; *People v Patterson, supra; People v Suitte,* 90 AD2d 80).

Finally, the defendant's challenge to the imposition of a mandatory surcharge upon his conviction is premature *(see, People v West,* 124 Misc 2d 622; *People v Lewis,* 134 AD2d 286; *People v Bethea,* 133 AD2d 836, *lv denied* 70 NY2d 929). Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.