■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD CIERZNIEWSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered November 20, 1986, convicting him of criminal sale of a controlled substance in the fifth degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

It is well established that as long as there is some reasonable view of the evidence that a defendant acted as an instrumentality of the buyer, however slight, the court must, upon timely request, charge the jury as to the defense of agency *(see, People v Argibay,* 45 NY2d 45, *rearg denied* 45 NY2d 839, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Roche,* 45 NY2d 78, *cert denied* 439 US 958; *People v Oliver,* 99 AD2d 789). At the trial, an undercover detective testified that he met the defendant on a street in Queens and asked him where he could obtain some "D" or angel dust. The defendant said he had none but that he could get him some, whereupon they walked eight blocks away and met two more men. The defendant then told the detective that the two men could give him what he wanted. As the detective received the drugs he requested, the defendant indicated that the price was $30. The detective gave the money to the defendant, who counted it and turned it over to one of the other men. The defendant thereafter walked the detective back to where they had initially met. Since a reasonable view of the evidence could support an agency defense, the failure to

charge that defense constitutes reversible error *(see, People v Watts,* 57 NY2d 299). Furthermore, since the facts supporting the defense of agency were adduced during the People's case, the defendant's assertion of the inconsistent defense of alibi does not preclude the requested charge *(see also, People v Steele,* 26 NY2d 526 [defendant asserted inconsistent defenses of justification and alibi]).

However, we find that the defendant's contention that the verdict against him was against the weight of the evidence is not well taken.

Since there must be a new trial, we would also note that the trial court improperly allowed into evidence a photocopy of the "buy" money without first redacting a statement noted thereon, which was consistent with the testimony of the officer who had made the notation. In the absence of a claim that the witness's testimony was a recent fabrication, proof of a witness's prior consistent statement may not be introduced at trial *(see, People v Davis,* 44 NY2d 269). Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.