■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN KIRK, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 11,

1987, as convicted him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposed sentence thereon.

Ordered that the judgment is reversed insofar as appealed from, on the law, the conviction of criminal sale of a controlled substance in the third degree and the sentence imposed thereon are vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count of the indictment.

In connection with a "buy and bust" narcotics operation, an undercover police officer was sent to a specified location, having been instructed to "make a buy" at that location of any controlled substance. The operation was not aimed at any specific person; the goal was just to make a purchase at the targeted location, a search warrant having been secured for a certain apartment in a building at the site.

Upon arriving near the operation site, the undercover officer noticed an individual standing in front of a building. He approached this individual, the defendant herein, and asked him "What's happening?". The officer testified that the defendant responded by asking, "Are you looking for some coke?" A brief conversation ensued between the two in which the defendant agreed to purchase $30 worth of cocaine on behalf of the undercover officer for some "cash". Taking the officer's $30, the defendant went across the street and entered the targeted building; he returned shortly with a tin foil packet which he gave the officer. In turn, the officer handed the defendant a $1 bill. The defendant thanked him and said that he should look for him again. A short while thereafter, the defendant was apprehended.

Subsequently, the defendant was indicted and tried on various counts relating to the "buy and bust" operation. Before the matter was submitted to the jury, defense counsel made repeated requests to the trial court to charge the jury on the agency defense. He argued that there was a reasonable view of the evidence that the defendant had acted as an agent of the buyer, rather than as a seller. The court refused to so instruct the jury and the defense noted its objection thereto on the record. After deliberation, the jury returned a verdict finding the defendant guilty, *inter alia,* of criminal sale of a controlled substance in the third degree.

On appeal, the defendant challenges only his conviction for criminal sale of a controlled substance in the third degree and the sentence imposed thereon. Specifically, he argues that the

trial court's denial of his request for a jury instruction on the agency defense constitutes reversible error. We agree.

Viewing the evidence in the light most favorable to the defendant, as we must on this issue, we find that there is a reasonable view of the evidence which would support the inference that the defendant was acting as an agent of the buyer (see, People v Argibay, 45 NY2d 45, rearg denied 45 NY2d 839, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Cierzniewski, 141 AD2d 828). The receipt of a $1 "tip" by the defendant does not, in and of itself, necessarily negate the agency defense (see, People v Peters, 71 AD2d 641, 642). Accordingly, the trial court should have instructed the jury on the agency defense (see, People v Feldman, 50 NY2d 500).

In light of our determination that a new trial is warranted, we need not pass upon the propriety of the sentence imposed upon the conviction of criminal sale of a controlled substance in the third degree. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.