■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 24, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is ordered.

The defendant was arrested as a result of a so-called "buy-and-bust operation". On October 20, 1986, an undercover officer proceeded to the defendant's apartment building at the direction of a sergeant of the Brooklyn South Narcotics Squad, rang the buzzer to his apartment, which he apparently chose at random, and was met by the defendant and a codefendant. The undercover officer asked the defendant for "coke", to which the defendant responded, "Yeah, I get you good stuff". The officer responded, "Okay" and was directed to follow the defendant and his codefendant. He was then led within six feet of a van which was parked two blocks away, at which time the defendant asked him for $20. The defendant walked up to the van and handed the money to the individual seated in the driver's seat, in exchange for which he received two tinfoil packets. The defendant handed the packets to the officer, and asked for a sampling of the cocaine. The officer refused, instead giving the defendant $2. He explained: "[w]hat he * * * was asking me for was a tip. So, I handed him two dollars * * * as a tip from the prerecorded buy money that I received * * * because he told me it was good stuff * * * I figured I'd give him a tip."

The trio then left the vicinity of the van and the defendant and his codefendant were ultimately arrested by the backup team.

On appeal, the defendant ascribes error to the trial court's refusal to charge the jury on the defense of agency, asserting that a reasonable view of the evidence existed from which the jury could conclude that he acted as a mere instrumentality of the purchasing undercover officer. We agree.

The agency defense, as described in *People v Roche* (45 NY2d 78, 81, *cert denied* 439 US 958), is that "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance". Whether a defendant acted as an agent of the buyer or as a seller in a drug transaction is "a factual question for the jury to resolve on the circumstances of the particular

case" *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). "[S]o long as there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer, determination of the existence of an agency relationship should be submitted to the jury with appropriate instructions" *(People v Roche, supra,* at 86; *People v Kirk,* 143 AD2d 683).

Under the facts of this case, where the defendant neither initiated the drug transaction, exhibited salesmanlike behavior, used his own funds to consummate the purchase, nor was promised any reward in advance *(see, People v Gonzales,* 66 AD2d 828), a jury would be warranted in concluding that the defendant "merely facilitate[d] the acquisition of drugs by a purchaser" *(People v Roche, supra,* at 84). We note that this error takes on particular significance when the jury's difficulty, *inter alia,* with the concept of intent is considered in light of the nature of the agency defense, i.e., it could serve to negate the " 'intent to sell' " element of the crime charged *(People v Ellison,* 128 AD2d 720, 721; *see, People v Levan,* 295 NY 26).

In light of our determination, we do not address the defendant's remaining contention. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.