■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN QUINONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered December 9, 1985, convicting him of criminal sale of a controlled substance in the first degree (three counts) and criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in refusing to instruct the jury on his asserted defense of agency. It is well settled that "one who acts as procuring agent for the buyer alone is a principal or conspirator in the purchase rather than the sale of the contraband * * *. [And] he may not be treated as an accomplice of the seller" *(People v Roche,* 45 NY2d 78, 82-83). If a reasonable view of the evidence adduced at trial supports this theory, it is for the jury to determine, upon proper instructions, whether such a relationship existed *(see, People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930).

An agency defense is supported by evidence that in a context unrelated to drug sales, the accused and the buyers had a prior relationship which may have been exploited, or that the transaction was initiated by the buyer requesting that the accused do him a favor, or that the accused received no financial or other benefit from the transaction *(see, People v Roche, supra,* at 85; *People v Lam Lek Chong,* 45 NY2d 64, 75, *cert denied* 439 US 935). On the other hand, evidence of the accused's "salesman-like behavior" such as negotiating the price, or "touting the quality of the product", or evidence that he personally profited from the transaction negates a finding of agency *(see, People v Roche, supra,* at 85).

In the case at bar, there was no evidence to support an agency defense apart from the sole fact that the buyer (an undercover police officer) initiated the drug transactions by asking the defendant to procure large quantities of heroin for him to distribute. The defendant willingly complied with the requests and he actively participated in each of the four sales by obtaining heroin from his brother and exchanging it with the buyer for cash. Not only did the defendant state that he was getting a portion of the profits but he was observed pocketing his share. Given these facts, the court did not err in its refusal to charge the defense of agency.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.