■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.),

rendered October 23, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

We agree with the defendant's contention that the trial court committed reversible error in denying his request for an agency charge. It is well established that "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance" *(People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958; *see also, People v Argibay,* 45 NY2d 45, *rearg denied* 45 NY2d 839, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). The question of whether a defendant acted as an agent of the buyer or as a seller in a drug transaction is a factual determination for the jury to resolve based on the circumstances of a given case *(see, People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935; *People v Miano,* 143 AD2d 777). Accordingly, where there is some reasonable view of the evidence that a defendant acted as an instrumentality of the buyer rather than as a seller, the court must, upon a timely request, charge the jury as to the defense of agency *(see, People v Roche, supra; People v Argibay, supra; People v Miano, supra; People v Cierzniewski,* 141 AD2d 828).

The testimony adduced at trial established that when the undercover officer approached the premises and knocked on the door, the defendant opened the door and in response to the undercover's statement that she was interested in a "dime", the defendant directed the officer to a steel door in the rear of the room. The defendant told the officer to put the money under the steel door. The officer complied with the defendant's directions and, after she placed a prerecorded $10 bill under the door, a vial containing cocaine fell from a hole at the top of the door. After locating the vial on the floor, with the assistance of the defendant, the undercover officer left the premises. When the undercover officer's back-up team arrived at the premises, the prerecorded $10 was recovered from the codefendant, Derrick Williams. Under the facts of this case, where the defendant neither initiated the drug transaction, exhibited salesmanlike behavior, used his own funds to consummate the purchase, nor received a monetary reward for

the sale, a factual issue existed, and a jury could conceivably have concluded that the defendant merely facilitated the purchase of the drugs for the buyer *(see, People v Miano, supra; People v Kirk,* 143 AD2d 683; *People v Arnott,* 143 AD2d 761; *People v Cierzniewski, supra).* Accordingly, the trial court should have instructed the jury on the agency defense.

Given the need for a new trial, we take this opportunity to note that the trial court's use of examples in its supplemental charge to the jury in order to convey the concept of "acting in concert" was prejudicial to the defendant since it incorrectly indicated, *inter alia,* that duress was a prerequisite for finding a lack of criminal intent. We further note that the verdict sheet contained language which was inappropriate *(see, People v Nimmons,* 72 NY2d 830).

We have reviewed the defendant's remaining contentions and have found them to be either unpreserved for appellate review or without merit. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.