■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY CARTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered March 7, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested as a result of a so-called "buy and bust" operation which began when the defendant waved to two undercover officers who were driving along a portion of Commonwealth Boulevard in Suffolk County. The officers stopped their vehicle and the defendant walked over and asked what they needed. The officers replied "rock", whereupon the defendant produced a vial of white chunk substance

which he said would cost $5. One of the officers asked the defendant for a $20 piece. The defendant requested that they drive around the corner and advised that, when they returned, he would have the $20 piece. The officers did so, whereupon defendant showed them a larger piece of the white chunk substance which, he said, was a $20 piece. He also handed them another little piece for good measure. The officers paid him the $20 and left and the defendant was thereafter arrested by a backup unit.

On appeal, the defendant ascribes error to the trial court's refusal to charge the jury on the defense of agency, asserting that a reasonable view of the evidence existed from which the jury could conclude that he acted as a mere instrumentality of the purchasing undercover officers. He also asserts that the prosecutor's conduct during summation deprived him of a fair trial. We disagree with both contentions.

The agency defense, as described in *People v Roche* (45 NY2d 78, 81, *cert denied* 439 US 958), is that "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance". While determination of the existence of an agency relationship is often a question which should be submitted to the jury *(People v Roche, supra,* at 86; *People v Miano,* 143 AD2d 777), it is proper to decline to give an agency instruction where none of the testimony at trial supports the inference that the defendant was an intermediary who acted merely as an agent of police officers posing as buyers *(People v Argibay,* 45 NY2d 45, 54, *rearg denied* 45 NY2d 839, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930).

We do not agree with defendant that the evidence of the officers' request for a larger quantity of cocaine than the defendant initially offered gives rise to an inference that defendant was an intermediary between the officers and some unspecified seller. Since no reasonable view of the evidence suggests that the defendant was acting as a mere instrumentality of the purchasing officers, the trial court did not err when it refused to give the jury an agency instruction.

With regard to the defendant's claim that the prosecutor made improper comments during summation, we note that several of the comments were made without objection and are therefore unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Simmons,* 121 AD2d 579). The remainder of the remarks were cured by the court's prompt instructions to which defendant expressed no dissatisfaction *(see, People v Evans,* 136 AD2d 562).

Finally, we have considered the contention that defendant's · sentence is excessive and find it to be without merit *(People v Suitte,* 90 AD2d 80). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.