■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LADSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 23, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his request for an agency defense charge. The facts adduced at trial established that when the undercover officer arrived at 448 Grand Avenue in Brooklyn on the evening of January 29, 1987, she knocked on the front door and was greeted by the codefendant Michael King. In response to King's inquiry, the officer stated that she wanted "a dime". King directed the officer to a steel door in the back of the room and directed the officer to place her money under the door. When the officer slipped $10 of prerecorded money under

the door, a vial fell from a hole at the top of the door. The officer indicated that she was unable to locate the vial, at which point, the defendant walked up to the officer and said that the officer had to find it because "we can't replace it". The officer eventually located the vial, with the assistance of the defendant and King, and left the premises.

It is well established that where there is some reasonable view of the evidence that a defendant acted as an instrumentality of the buyer rather than as a seller, the court must, upon a timely request, charge the jury as to the defense of agency (see, People v Roche, 45 NY2d 78; People v Argibay, 45 NY2d 45, rearg denied 45 NY2d 839, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Miano, 143 AD2d 777). In the case at bar, no reasonable view of the evidence would support a finding that the defendant was a mere instrumentality of the buyer. The defendant expressly admitted that he was a member of the drug-selling operation when he admonished the undercover officer that she had to locate the vial because "we can't replace it" (emphasis supplied). To this extent, this appeal is distinguishable from the codefendant King's appeal which resulted in a reversal of his judgment of conviction due to the lack of an agency charge (see, People v King, 150 AD2d 497), as King never admitted to being a member of the drug-selling operation and a reasonable view of the evidence was consistent with a finding that he was merely facilitating the purchase of drugs by the officer.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.