■ The People of the State of New York, Respondent, v Victor Perez, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered December 18, 1987, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that it was not error for the trial court to refuse to charge the jury on the defense of agency. In the absence of a reasonable view of the evidence indicating that the defendant acted merely as the agent of the buyer, the agency defense should not be submitted to the jury (see, People v Lam Lek Chong, 45 NY2d 64, 74, cert denied 439 US 935; People v Roche, 45 NY2d 78, 81, cert denied 439 US 958; People v Argibay, 45 NY2d 45, 53, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930). Here, there is no reasonable view of the evidence which would have supported submission of the agency defense to the jury. The defendant, acting alone, exhibited salesmanlike behavior by directing the undercover officer to wait by the side of the road while he retrieved the cocaine. The defendant personally handed the officer the drugs and accepted the money. Furthermore, additional cocaine was found on the defendant when he was arrested some minutes after the transaction. Therefore, it was proper to decline to give an agency instruction because none of the trial testimony supported the inference that the defendant was an intermediary who acted merely as an agent of the police officer posing as a buyer (see, People v Carter, 151 AD2d 688).

The defendant also contends that he was deprived of a fair trial by certain comments made in the prosecutor's summation. The majority of such comments were unobjected to at trial and are unpreserved for appellate review (see, CPL 470.05 [2]; People v Williams, 46 NY2d 1070). The only comment objected to constituted fair response to arguments made by the defense counsel and was not error (People v Draksin, 145 AD2d 500; People v Colon, 122 AD2d 150; People v Blackman, 88 AD2d 620).

We further find that the defendant's sentence was not excessive (People v Suitte, 90 AD2d 80). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.