◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McDONALD, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Berkowitz, J., at trial on indictment No. 4390/87; Golia, J., at pleas and sentences on indictments Nos. 3381/87 and 3570/87 and at sentence on indictment No. 4390/87), all rendered February 10, 1988, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, under indictment No. 3381/87, criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, under indictment No. 3570/87, and criminal sale of a controlled substance in the third degree and criminal possession of a hypodermic instrument, upon a jury verdict, under indictment No. 4390/87, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant argues with regard to the judgment rendered on indictment No. 4390/87, that the trial court committed error by refusing to charge the jury on the defense of agency. We find that it was not error on the facts of this case to refuse to so charge. In the absence of a reasonable view of the evidence indicating that the defendant acted merely as the agent of the buyer, the agency defense should not be submitted to the jury *(see, People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935; *People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958; *People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Ladson,* 153 AD2d 592, 593; *People v Carter,* 151 AD2d 688, 689). The facts adduced at the trial established that the defendant and his codefendant were standing within a few feet of each other when an undercover officer asked the defendant for some "coke". The defendant told the codefendant, "Give him two". The codefendant then sold the undercover officer two vials of the type of cocaine known as crack in return for $20 and said, "Come back later. We're going to have more stuff". The role of the defendant in this transaction

was not that of "one who acts solely as the agent of a purchaser of narcotics" *(People v Roche, supra,* at 81). Indeed, the only reasonable view of the evidence on these facts is that he was acting in concert with his codefendant in the sale of drugs.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.