■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered October 13, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court erred by denying his request for an instruction on the defense of agency (see, People v Roche, 45 NY2d 78, cert denied 436 US 958; People v Lam Lek Chong, 45 NY2d 64, 75, cert denied 439 US 935) is without merit. Although an undercover officer initiated the transaction by inquiring of the defendant as to whether he had any drugs, the defendant both vouched for the quality of his product and directed a cohort to turn over the

drugs and accept the money *(see, People v Perez,* 154 AD2d 628; *People v Quinones,* 150 AD2d 399). There is thus no evidence which suggests that the defendant was a mere instrumentality of the undercover officer *(see, People v Argibay,* 45 NY2d 45, 54, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Carter,* 151 AD2d 688; *People v Linden,* 150 AD2d 801).

Also without merit is the defendant's claim that he was denied a fair trial because of alleged attempts by the prosecutor on summation to instruct the jury on the law. The defense counsel's objections to the two instances cited were immediately sustained, the alleged attempts were unsuccessful, and defendant made no request for curative instructions or any other relief. We conclude that the alleged errors were corrected to the defendant's satisfaction *(see, People v Santiago,* 52 NY2d 865; *People v Reid,* 140 AD2d 639, 640-641; *see also, People v Carter, supra).* Further, there are no circumstances which suggest that defendant's concurrent terms of 6 to 12 years imprisonment, which were far less than the maximum which could be imposed *(see,* Penal Law § 70.06), constituted a penalty for exercising his right to proceed to trial *(see, People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Reid, supra,* at 641), and we conclude that the sentences imposed were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.