■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS DOBIE, Appellant. [671 NYS2d 141] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered October 6, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The Supreme Court committed reversible error in refusing the defendant's request for an agency charge. "[It is well established] that one who acts solely as the agent of a

purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance" (*People v Roche*, 45 NY2d 78, 81, *cert denied* 439 US 958; *see also, People v Argibay*, 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York*, 439 US 930). The question of whether a defendant acted as an agent of the buyer or as a seller in a drug transaction is a factual determination for the jury to resolve based upon the circumstances of a given case (*see, People v Lam Lek Chong*, 45 NY2d 64, *cert denied* 439 US 935; *see also, People v Miano*, 143 AD2d 777). Accordingly, where there is some reasonable view of the evidence that a defendant acted as an instrumentality of the buyer rather than as a seller, the court must, upon a timely request, charge the jury as to the defense of agency (*see, People v Roche, supra; see also, People v Argibay, supra; People v Miano, supra; People v Cierzniewski*, 141 AD2d 828).

In reviewing the defendant's request for an instruction on the agency defense, the trial court was required to view the evidence in the light most favorable to the defendant and to give the instruction where there was "some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" (*People v Argibay, supra,* at 55; *see, People v Padgett*, 60 NY2d 142, 144). In making a determination, a jury is required to consider a number of factors, among them whether or not the defendant received a benefit or otherwise profited from the transaction (*see, People v Roche, supra,* at 85; *see also, People v Lam Lek Chong, supra,* at 75-76; *People v Mauras*, 100 AD2d 557). The profit factor, however, is but one factor to be considered, and is not necessarily conclusive, since the jury may properly conclude that the defendant acted solely as the agent for the buyer even though he received a benefit or profit (*see, People v Lam Lek Chong, supra; see also, People v Mauras, supra; People v Lee*, 79 AD2d 641).

In this case, the undercover officer initiated the transaction with the defendant and provided the defendant with two prerecorded $5 bills to purchase a "dime" of crack cocaine. After the defendant had delivered the narcotics to the undercover officer, he was arrested. The arresting officer recovered one of the prerecorded $5 bills and two additional dollar bills from the defendant's pocket. In support of the agency defense theory, however, the defendant offered testimony indicating that he was not working as a drug dealer at the time and that the undercover officer gave him, unsolicited, the additional two dollar bills so that the defendant and a companion could buy wine. Under these circumstances, there was sufficient evidence

that the defendant may have acted as the agent of the buyer to warrant the requested charge (*see, People v Kirk,* 143 AD2d 683, 685).

In view of our determination we decline to reach the question of whether the sentence was excessive.

The defendant's remaining contention is without merit. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.