■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RITA METUXRAKIS, Appellant. [678 NYS2d 122] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 30, 1997, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The Supreme Court committed reversible error in refusing the defendant's request for an agency charge. It is well established that "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance" (*People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958; *see also, People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). The question of whether a defendant acted as an agent of the buyer or as a seller in a drug transaction is a factual determination for the jury to resolve based upon the circumstances of a given case (*see, People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935; *see also, People v Miano,* 143 AD2d 777). Accordingly, where there is some reasonable view of the evidence that a defendant acted as an instrumentality of the buyer rather than as a seller, the court must, upon a timely request, charge the jury as to the defense of agency (*see, People v Roche, supra; see also, People v Davis,* 178 AD2d 424, 426).

In reviewing the defendant's request for an instruction on the agency defense, the trial court was required to view the evidence in the light most favorable to the defendant and to give the instruction where there was "some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" (*People v Argibay, supra,* at 55; *see also, People v Davis, supra,* at 426).

In this case, the undercover police officer initiated the transaction with the defendant and provided her with prerecorded money to purchase $20 worth of crack cocaine. In support of the agency defense, the defendant offered testimony indicating that she was not a drug seller, but that she was a prostitute, and obtained drugs for the undercover officer in the hope of having sex with him for money or in order to share his drugs. Under these circumstances, there was sufficient evidence that the defendant may have acted as the agent of the buyer to warrant the requested charge (*see, People v Dobie,* 249 AD2d 411).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.