■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VILLACCI, Appellant. [700 NYS2d 34] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 21, 1997, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

In determining whether to grant a defendant's request for an instruction on the agency defense, a court is required to review the evidence in the light most favorable to the defendant and then give the instruction if there was "some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" (*People v Argibay,* 45 NY2d 45, 55, *cert denied Hahn-DiGuiseppe v New York,* 439 US 930; *see also, People v Metuxrakis,* 254 AD2d 304). Moreover, in making that review, the court must consider the following factors in determining whether a defendant is a seller or merely acting as a procuring agent for the buyer: " '(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesman-like behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance' " (*People v Alvarez,* 235 AD2d 484).

The proof at trial showed that the undercover police officer initiated a conversation with the defendant and a codefendant, who were just walking down the street at the time. During the conversation, the undercover officer indicated that he wanted "two nicks", i.e., $10, worth of cocaine. Thereafter, rather than exhibit any salesmanship, it appears that the defendant merely went along with the codefendant's suggestion to try "red caps", purportedly a slang name for a type of crack cocaine available at another codefendant's grocery store. The undercover officer then provided the defendant with $10 in prerecorded buy money with which to purchase the cocaine. There was no proof that the defendant was either promised or received any benefit from this transaction.

Considering the proof in light of the aforementioned factors, there was evidence showing that the defendant may have acted as the agent of the buyer. Under these circumstances, the Supreme Court erred in denying the defendant's request for an agency charge (*see, People v Metuxrakis, supra*; *People v Dobie,* 249 AD2d 411; *cf., People v Herring,* 83 NY2d 780; *People v Tinner,* 209 AD2d 457). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.