■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP OWENS, Appellant. [711 NYS2d 757] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 19, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was arrested in a so-called "buy and bust" operation for allegedly selling cocaine to an undercover police officer. At trial the court denied the defendant's request to charge the jury on the defense of agency.

It is well settled that "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance" (*People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958). Whether a defendant acted as an agent of the buyer or as a seller is "a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). If some reasonable view of the evidence supports the theory that defendant was acting only on behalf of the buyer, the jury should be instructed on the agency defense (*see, People v Herring,* 83 NY2d 780). In this case, viewing the evidence in the light most favorable to the defendant, we find that there is a reasonable view of the evidence which would support the defendant's contention that he was acting as an agent of the buyer (*see, People v Kirk,* 143 AD2d 683). Accordingly, the court's denial of the defendant's request for a jury instruction on the agency defense constituted reversible error (*see, People v Greene,* 173 AD2d 638; *People v Davis,* 178 AD2d 424).

In light of our determination, it is unnecessary to address

the defendant's remaining contentions. Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.