■ The People of the State of New York, Respondent, v Anthony Twitty, Appellant. [826 NYS2d 750]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered November 9, 2004, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, without a hearing (DiBella, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress the undercover police officer's identification of him. That identification was confirmatory in nature and not unduly suggestive (*see People v Rodriguez*, 79 NY2d 445, 450 [1992]; *People v Graham*, 283 AD2d 885, 886-888 [2001]; *People v Jenkins*, 230 AD2d 806, 807 [1996]). A *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) was thus unnecessary (*see People v Wharton*, 74 NY2d 921, 922-923 [1989]; *People v Andrews*, 30 AD3d 434, 435 [2006], *lv denied* 7 NY3d 900 [2006]; *People v Simmons*, 247 AD2d 494, 495 [1998]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Villacci*, 266 AD2d 485 [1999]; *People v Metuxrakis*, 254 AD2d 304, 305 [1998]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention raised in point three of his brief, regarding the chain of custody of physical evidence admitted at trial, is unpreserved for appellate review and, in any event, is without merit. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.