The People of the State of New York, Respondent,
against
Thomas Santagata, Appellant.




Appellate Advocates, (Laura B. Tatelman of counsel), for appellant.
Richmond County District Attorney, (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered February 20, 2015. The judgment convicted defendant, after a nonjury trial, of criminal possession of marihuana in the fifth degree, attempted criminal sale of marihuana in the fourth degree, and attempted criminal possession of a weapon in the fourth degree, and imposed sentence.




ORDERED that the judgment of conviction is modified, on the law, by vacating the conviction of criminal possession of marihuana in the fifth degree and dismissing that count of the accusatory instrument; as so modified, the judgment of conviction is affirmed.
Defendant was charged with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]), attempted criminal sale of marihuana in the fourth degree (Penal Law §§ 110.00, 221.40), attempted criminal possession of a weapon in the fourth degree (Penal Law §§ 110.00, 265.01 [1]), and unlawful possession of marihuana (Penal Law § 221.05).
At a nonjury trial, a New York City police officer testified that, at approximately 10:00 p.m. on April 23, 2014, he was in an unmarked patrol car with his sergeant and another officer, in plain clothes, near a well-lit, 24-hour grocery store on Garretson Avenue in Staten Island. The car was parked on Hancock Street, three or four car lengths from the intersection with Garretson Avenue. After about 10 to 15 minutes, the officer saw three males, including defendant, in front [*2]of the store. One of the men gave a sum of United States currency to defendant, who placed it into the pocket of his hoody and entered the grocery store. After about one minute, defendant came out and handed an object to the man who had given him the money, later identified as Michael Bennett. The object looked like a piece of metal. It was "small and shiny." The officer could not identify it as a controlled substance from his vantage point. Bennett looked at the object, nodded his head, and placed it in his right sock. The officer had previously made 20 to 25 arrests involving marihuana, including one or two hand-to-hand transactions. He testified that marihuana was packaged in tin foil, cigarette paper, or zip lock bags.
The officers approached defendant and Bennett, handcuffed Bennett, and recovered a tin foil from his right sock. The tin foil contained a green leafy substance. The officer testified that he had conducted a field test and confirmed that the substance was marihuana. He recovered a 20-dollar bill from defendant's hoody. Both defendant and Bennett were arrested. At the precinct, defendant kicked off his right boot, which had a knife in it. The officer tested it approximately 10 times by flicking his wrist with it, and, based on his training, he identified it as a gravity knife.
During cross-examination, the officer testified that he could not see what was going on inside the grocery store, except that there was a clerk in the store. The clerk told the officer that the man who had come into the store was not an employee. The officer did not find any marihuana in the store.
The police sergeant testified that he had made more than 50 arrests involving the sale of marihuana and had received training with respect to the identification and packaging of marihuana, which could be packaged in "ziplocks, plastic twisties, jars [or] aluminum foil." Street sales were often made by quick, hand-to-hand exchanges of small packages, currency, and product.
The sergeant stated that the area was well illuminated even though it was nighttime. He first observed two males, one of whom kept taking his cell phone out and checking it. The other man was "hanging out" with the first man. After about five minutes, defendant arrived on the scene, went into the store, came out after about five seconds, and approached the man with a beer. The rest of the sergeant's testimony concerning the street transaction was identical to the officer's testimony.
A "Criminalist Three" employed by the New York City Police Department Laboratory testified that she had tested the "vegetative matter" recovered in this case, which was in a foil package, and determined that it contained marihuana cannabis. The net weight of the marihuana was 561 grams.
An investigator for the Legal Aid Society, who was a retired New York City police sergeant, and who had been in charge of a narcotics tactical response team, testified on behalf of defendant. He stated that, if he had conducted an observation of a drug transaction from three or four car lengths away, he probably would have used a visual device or binoculars. Upon visiting the location in question and taking measurements, he determined that the distance of four car lengths from the intersection of Garretson Avenue and Hancock Street was approximately 127 feet. The distance from four car lengths on Hancock Street to the grocery store was approximately 199 feet.
At the close of all of the evidence, defense counsel moved to dismiss the charges. With [*3]respect to the charge of criminal possession of marihuana in the fifth degree, counsel argued that the marihuana had not been "open to public view" (see Penal Law § 221.10 [1]). Instead, it was in an opaque tin foil, and not opened or exposed to public view. The Criminal Court stated that it believed that there was case law holding that "if an officer sees a street level sale of narcotics, and sees an item passed in exchange for currency," and the "object . . . ends up containing [marihuana, it] is enough to support the public view" requirement. The court declined to dismiss the charge of criminal possession of marihuana in the fifth degree.
Defense counsel asked the court to consider an agency defense, claiming that there was a reasonable view of the evidence that defendant was not selling the alleged buyer marihuana. Defendant merely "pop[ped]" his head into the grocery for short periods of time, and came back out with marihuana.
The court indicated that it was viewing the evidence in the light most favorable to the People in determining whether to consider an agency defense. The court stated that there was no evidence that defendant and the buyer knew each other and had a relationship. The buyer, not defendant, had first suggested the transaction. Defendant said nothing to promote the sale and did not receive any benefit for his participation in the alleged sale. The fact that money was found on defendant did not support an agency defense. Prior to the transaction, the marihuana was controlled exclusively by a person other than defendant. Thus, the court declined to consider an agency defense.
Following the trial, the court found defendant guilty as charged, but subsequently vacated the conviction of unlawful possession of marihuana.
On appeal, defendant argues, among other things, that the "open to public view" element of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) was not established by the evidence, as the marihuana was wrapped in tin foil and concealed from public view. The officers merely testified that the object they had observed appeared to be metallic. Defendant further argues that because he arrived at the scene after Bennett and entered the grocery before each stage of the transaction, and as he had no marihuana, drug paraphernalia or other money on his person at the time of his arrest, there was some evidence that he merely procured marihuana on Bennett's behalf. Thus, the Criminal Court should have considered an agency defense. Defendant also argues that the court erroneously viewed the evidence in the light most favorable to People with respect to the agency defense, when it should have viewed the evidence in the light most favorable to him.
The People argue, among other things, that the law requires no direct observation to establish the elements of public-view possession. Where a small object is exchanged for money during a street sale, and marihuana is subsequently recovered from a buyer, the elements of criminal possession of marihuana in the fifth degree have been established. The People further contend that there was no evidence of an agency relationship in this case. Thus, even if the Criminal Court erroneously considered the evidence in the light most favorable to the People, for the purpose of the agency defense, it was insignificant.
Penal Law § 221.10 (1) provides that a person commits the crime of criminal possession of marihuana in the fifth degree when he or she "knowingly and unlawfully possesses . . . marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is burning or open to public view."
The Court of Appeals discussed the "open to public view" element in People v Jackson (18 NY3d 738, 746-748 [2012]), in which the defendant was "holding a ziplock bag of marihuana in his hand" (Jackson, 18 NY3d at 741). Affirming the conviction, the Court noted that the phrase "is not defined either in Penal Law § 221.10 (1) or elsewhere" (Jackson, 18 NY3d at 746). The Court stated that the "open to public view" requirement "ensures that a pedestrian walking on a public street carrying an inconsequential amount of marihuana secreted in a bag or pocket would not be subject to misdemeanor prosecution" (Jackson, 18 NY3d at 747). 
In the case at bar, contrary to the People's contention, the marihuana, which was in a tin foil, was not open to public view (see People v Perkins, 57 Misc 3d 139[A], 2017 NY Slip Op 51327[U], *1 [App Term, 1st Dept 2017] [the court determined that an accusatory instrument charging the defendant with criminal possession of marihuana in the fifth degree was jurisdictionally defective, where it merely alleged that the police took a large ziplock bag of marihuana from the inside of defendant's pants pocket]; People v Liranzo, 46 Misc 3d 140[A], 2015 NY Slip Op 50138[U] [App Term, 1st Dept 2015] [allegation in accusatory instrument that six clear plastic bags were recovered from an open black bag inside the passenger seat of a car next to the defendant's feet was insufficient to support a charge of criminal possession of marihuana in the fifth degree]; People v Mejicanos, 40 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [allegation that marihuana was recovered from the back seat of a car in which the defendant was sitting was insufficient]; cf. People v Jones, 22 Misc 3d 129[A], 2008 NY Slip Op 52627[U] [App Term, 1st Dept 2008]). Consequently, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's guilt of criminal possession of marihuana in the fifth degree was not established beyond a reasonable doubt.
We note that the Criminal Court erred in considering the evidence in the light most favorable to the People with respect to whether it should entertain an agency defense. In considering that defense in a nonjury trial or in determining, at a jury trial, whether a request for an agency charge should be granted, the court must view the evidence in the light most favorable to the defendant (see People v Villacci, 266 AD2d 485 [1999]), and the defense must be considered, or the charge given, where " 'there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer' " (People v Echavarria, 21 NY3d 1, 20 [2013], quoting People v Roche, 45 NY2d 78, 86 [1978]). In making this determination, the court must consider the following factors as to whether the defendant is a seller or merely acting as a procuring agent for the buyer: "(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesman-like behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance" (People v Villacci, 266 AD2d at 485 [internal quotation marks omitted]). 
Defendant essentially claims that it could be inferred that Michael Bennett called defendant, whom he previously knew; that the actual seller of the marihuana was someone in the grocery; and that defendant was merely Bennett's agent. We find that the evidence did not support an inference of an agency relationship. There is no evidence that Bennett had any [*4]previous acquaintance with defendant. Bennett obtained the tin foil directly from defendant after Bennett gave him the money, which was recovered from defendant. Defendant did not use his own funds. Here, the failure of the Criminal Court to evaluate the evidence in the light most favorable to defendant is immaterial, as no reasonable view of the evidence would entitle defendant to have the court consider an agency defense.
Defendant's remaining contention lacks merit.
Accordingly, the judgment of conviction is modified by vacating the conviction of criminal possession of marihuana in the fifth degree and dismissing that count of the accusatory instrument.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2018