People v Rodriguez (2019 NY Slip Op 08709)





People v Rodriguez


2019 NY Slip Op 08709


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06047
 (Ind. No. 17-00610)

[*1]The People of the State of New York, respondent,
v
Angel Rodriguez, appellant.


Richard N. Lentino, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered April 19, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Nicholas De Rosa, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 257). The County Court did not adequately explain the nature of the right to appeal, nor did it ensure the defendant's understanding of the distinction between the waiver of his right to appeal and other rights automatically forfeited upon a plea of guilty (see People v Rivas, 166 AD3d 1019; People v Pelaez, 100 AD3d 803). Since the defendant's waiver of the right to appeal was invalid, it does not preclude appellate review of his contentions.
However, we agree with the County Court's denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress the identification testimony of an undercover police officer who purchased narcotics from the defendant. The undercover officer's photographic identification of the defendant, made only minutes after the transaction, was confirmatory in nature, thereby obviating the need for a hearing (see People v Wharton, 74 NY2d 921, 922-923; People v Twitty, 36 AD3d 723, 724; People v Andrews, 30 AD3d 434, 435; People v Polk, 284 AD2d 416, 417).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court