■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WHITE, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered September 30, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not err by refusing to instruct the jury on the affirmative defense of agency. The evidence adduced at trial established that the defendant, acting on his own, sold approximately one-half gram of cocaine to an undercover officer. Clearly there was no "reasonable view of the evidence that the defendant [had] acted as a mere instrumentality of the buyer" *(People v Roche,* 45 NY2d 78, 86, *cert denied* 439 US 958) and thus no agency charge was warranted *(People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Although the defendant claimed to have acted as an agent in an independent drug transaction involving this same undercover officer approximately 10 days before, a charge the officer unequivocally denied, this did not entitle the defendant to an agency instruction with respect to the instant drug transaction which involved only the defendant and the officer.

Furthermore, we find that the defendant was not deprived of a fair trial by the prosecutor's summation. Following a defense summation in which the prosecution's main witness was characterized, *inter alia,* as a professional witness who "doesn't give a damn about lying on the stand" and who "knows exactly what he needs to tell" the jury to bring about a conviction, the prosecutor's attempt to rehabilitate the impugned witness on summation was properly responsive *(see, People v Crawford,* 130 AD2d 678; *People v Gavins,* 118 AD2d 582, *lv denied* 67 NY2d 1052).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *People v Smith,* 121 AD2d 754, *lv denied* 68 NY2d 773; *People v Price,* 120 AD2d 690; *People v Baldo,* 107 AD2d 751; *People v Reeves,* 57 AD2d 1015, *affd* 44 NY2d 761; *see also, People v Best,* 145 AD2d 499). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.