■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD THOMPSON, Appellant.—Judgment, Supreme Court, New York County (John Bradley, J.), rendered December 7, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him, as a predicate felony offender, to

an indeterminate term of imprisonment of 8 to 16 years, unanimously affirmed.

In this buy-and-bust operation, an undercover officer approached defendant as he leaned against a building on 125th Street in Manhattan and asked whether he was "working". Defendant responded "Right this way in the hall" and led her down the hallway where she purchased four vials of cocaine from the codefendant in exchange for $20 in prerecorded buy money. Defendant then accompanied her out of the building, where he resumed his stance against the building, and she alerted backup. The defendants were arrested, and the undercover officer confirmed identifications. Neither buy money nor contraband was recovered.

No reasonable view of the evidence supports a conclusion that the defendant acted solely as a procuring agent for the undercover officer so as to mandate an agency defense charge. Considering the totality of circumstances, the evidence established that defendant acted as a middleman for the actual seller. *(People v Ortiz,* 76 NY2d 446.)

The prosecutor's comment on summation, that the jury should not speculate that the "buy" money may have been given as change to a subsequent purchaser of narcotics, if error, was rendered harmless by the court's curative instructions.

We have considered defendant's remaining contentions and find them meritless. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.