■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK BEYDA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered May 9, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that he was deprived of a fair trial because the trial court's agency charge was confusing and erroneous. However, as the defendant failed to raise any objection to the agency charge as given, his contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Contes,* 60 NY2d 620; *People v Udzinski,* 146 AD2d 245). In any event, since no reasonable view of the evidence adduced

at trial supports the defendant's claim that he merely acted as an agent of the police officer posing as a buyer in the subject transaction, the defendant was not entitled to an agency instruction *(see, People v Argibay,* 45 NY2d 45; *People v McDonald,* 165 AD2d 837; *People v Carter,* 151 AD2d 688). In this regard, we note that the defendant's own testimony leads to the inevitable conclusion that, at the very least, he acted as a middleman in the transaction, and largely for his own benefit *(see, People v Argibay, supra; People v Roche,* 45 NY2d 78, 86, *cert denied* 439 US 958; *People v Thompson,* 167 AD2d 161).

The defendant's additional claim that he was denied the effective assistance of counsel is without merit. The trial counsel's strategy and tactics, while ultimately unsuccessful, were reasonable, and upon our review of the record, we find that the defendant was afforded meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We have examined the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Eiber and Balletta, JJ., concur.