■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 15, 1986, as amended May 29, 1986, convicting him of murder in the second degree, robbery in the first degree (five counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence of an indeterminate term of 25 years to life imprisonment, to run concurrently to an indeterminate term of 5 to 15 years imprisonment, those terms of imprisonment to run consecutively to five consecutive terms of 8⅓ to 25 years imprisonment.

Ordered that the judgment, as amended, is modified, on the law, to provide that the indeterminate terms of imprisonment of 25 years to life imprisonment and 5 to 15 years imprisonment shall run concurrently to the five consecutive indeterminate terms of 8⅓ to 25 years imprisonment; as so modified, the judgment, as amended, is affirmed.

The facts of this case are summarized in the companion appeal, *People v Nelson* (171 AD2d 702 [decided herewith]).

On appeal, the defendant Davis contends, *inter alia,* that he was deprived of his right to a fair trial by the introduction into evidence of the unredacted, interlocking statements of his two nontestifying codefendants, in violation of *Cruz v New York* (481 US 186). The defendant's contention is without merit, as the error was harmless beyond a reasonable doubt.

As in *People v Hamlin* (71 NY2d 750, 758-759), the defen-

dant's own confessions were comprehensive, satisfactorily explained his part in the crime without reference to his codefendants' statements, and were corroborated by other objective evidence. The defendant made three mutually authenticating statements: one written down by Detective Murray, one audiotaped, and one videotaped. In them he admitted chasing a barmaid to the back of Paula's Bar, taking her ring as well as the money from the cash register, and, in a struggle with a customer, firing his .38-caliber pistol twice, shooting the customer in the head. These details, repeated several times by him, satisfactorily explain his part in the crime without reference to his codefendants' statements, and are corroborated by the testimony of the barmaid and patrons of Paula's Bar, as well as objective evidence that the murder victim died from two .38 bullet wounds (one in the neck), the location of the spent shells on the premises, and the subsequent recovery, with the help of Craig Davis, of both the .38 caliber weapon and the .22 caliber weapon used in the commission of the crime *(People v Hamlin, supra)*. Moreover, as in *People v Hamlin (supra)*, the defendant's indirect repudiation of his statements at trial do not suffice as a ground for reversing his conviction based on his own detailed confessions, which the jury clearly accepted as voluntary and reliable.

We note that the credibility of witnesses Duvalle Crosland and Craig Davis, challenged on appeal, was an issue properly left for the jury, which it resolved in favor of the People, a result supported by evidence in the record *(see, People v Gruttola,* 43 NY2d 116, 122; *People v Rayner,* 124 AD2d 754). The defendant's own confessions, as corroborated by the objective evidence outlined above, amply established his guilt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contention, that his videotaped statement was improperly taken at Riker's Island following his sentencing for an unrelated crime, because police officers neglected to ascertain whether he was still represented by an attorney, in violation of *People v Bartolomeo* (53 NY2d 225), is clearly without merit. The latter case was overruled in *People v Bing* (76 NY2d 331). In any event, even before the ruling in *People v Bing (supra), People v Bartolomeo (supra)* was found to be inapplicable to circumstances similar to those at bar,

where the defendant had already been sentenced on the prior charges (see, People v Colwell, 65 NY2d 883).

However, as charged to the jury, the robberies contained in the indictment were an element of the felony murder, with the result that the five consecutive terms of imprisonment imposed for the defendant's robbery convictions must run concurrently with the term of imprisonment imposed upon his conviction of felony murder (Penal Law § 70.25 [2]). For that same reason, the sentence imposed for criminal possession of a weapon in the second degree was properly made concurrent to the sentence imposed on the murder charge. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.